# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

## Form 7. Mediation Questionnaire

*Instructions for this form:* https://www.ca9.uscourts.gov/forms/form7instructions.pdf

**9th Cir. Case Number(s)** 23-35060

**Case Name** United Federation of Churches, LLC., v. David Johnson, et al.

**Counsel submitting this form** Matthew Kezhaya

**Represented party/parties** United Federation of Churches, LLC

*Briefly describe the dispute that gave rise to this lawsuit.*

United Federation of Churches LLC is a legal operating name for The Satanic Temple ("TST"), a federally recognized religion. Defendant Mickey Meeham was a former member of TST's Seattle chapter (the "Chapter"). His role allowed him administrator-level access to Plaintiff's social media accounts. Plaintiff created its official Facebook page for its Seattle chapter in January of 2015. In September of 2018 Plaintiff created a second quasi-official "allies" page (the "Allies page") for people who were friendly to TST but not members of the religion.

On or around March 14, 2020, Defendant Meeham wrongly used his administrator access for TST's Allies page to lock out access by any other users authorized by Plaintiff. Defendants changed the name of the Allies page to "Evergreen Memes for Queer Satanic Friends." Since that day, Defendants have operated TST's Allies Page as their own, excluding TST from using its own Facebook page. Around the same time, Defendant Johnson used his access to TST's official Twitter page to follow a number of extremist accounts who Johnson knew or shoud have known would disparage TST in the eyes of its members. Around the same time, Defendants used their administrator level access to take over the Chapter's gmail account and lock out any user authorized by TST. This had the added effect of granting Defendants control over several cloud-based documents which are exclusive to TST, but which TST can now no longer access. Johnson also modified the Chapter's official facebook page, changing the name to "Satanic Washington State - Archived Temple Chapter" and modified the cover page to replace TST approved images with images that are detrimental to TST.

From that time until now, Defendants have retained control of TST's facebook pages and other digital property. This has resulted in both immediate and ongoing harm to TST.

*Feedback or questions about this form? Email us at* forms@ca9.uscourts.gov

*Briefly describe the result below and the main issues on appeal.*

On February 26, 2021 Defendants sucessfully moved to dismiss Plaintiff's lawsuit. In its order, the Court dismissed TST's claims for violation of the Computer Fraud and Abuse Act, ("CFAA"), violation of the Anti-Cybersquatting Consumer Protection Act ("ACCP"), The Washington Consumer Protection Act ("WCPA"). These claims were dismissed without prejudice, and leave was granted for TST to Amend its complaint with respect to these claims. Plaintiff's defamation claim was dismissed with prejudice. Following dismissal, TST amended its complaint as directed by the Court. In its second amended complaint, TST added claims for dilution under the Federal Trademark Dilution Revision Act ("FTDRA"), trespass, conversion, and for tortious interference. Plaintiff moved for reconsideration on March 12, 2021.

Plaintiff filed its second amended complaint on May 24, 2021. On June 7, 2021 Defendants again moved to dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) and for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). The order denying reconsideration was issued on April 12, 2022. On November 23, 2022 Plaintiff filed a motion for preliminary injunctive relief. On January 9, 2023 the Court granted Defendants motion to dismiss.

On appeal, Plaintff challenges the court's dismissal of its claims on the basis of lack of subject matter jurisdiction and for failure to state a claim. Plaintiff asserts the dismissal was erroneous and an abuse of discretion.

*Describe any proceedings remaining below or any related proceedings in other tribunals.*

Currently there are no proceedings remaining below, nor are there currently any related proceedings in other tribunals on this matter. To preclude any statute of limitations issues, Plaintiff intends to refile the State claims which survived 12(b)(6) scrutiny and stay the case pending the outcome of this appeal; however, that has not happened yet.

**Signature** | s/ Matt Kezhaya | **Date** | February 1, 2023

*(use "*s/[typed name]*" to sign electronically-filed documents)*

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

**Form 7** | *Rev. 9/01/22*