# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

## Form 7. Mediation Questionnaire

*Instructions for this form:* http://www.ca9.uscourts.gov/forms/form07instructions.pdf

| | |
|---|---|
| **9th Cir. Case Number(s)** | 23-35105 (Cross Appeal with 23-35060) |
| **Case Name** | United Federation of Churches LLC v. Johnson, et al |
| **Counsel submitting this form** | Jeremy Roller |
| **Represented party/parties** | Defendants - Appellants (Johnson, Fishbaugh, Meeham & Sullivan) |

*Briefly describe the dispute that gave rise to this lawsuit.*

Plaintiff ("TST"), which describes itself as a federally recognized religion, sued Defendants in an attempt to silence them from expressing their thoughts regarding TST's refusal to live up to its stated beliefs regarding consistent, proper treatment of people in general and human diversity in particular. TST has taken a "kitchen sink" approach to this pointless lawsuit – asserting an array of disparate claims in the three complaints it has filed against Defendants. Even though the claims were based on false allegations (some of which changed complaint-to-complaint), TST failed to state a claim upon which relief can be granted except as to three state-law claims: tortious interference with business expectancy, trespass to chattels, and conversion. Those three surviving state law claims were dismissed for lack of subject matter jurisdiction. But those claims would fail on the merits because TST has failed to specify what it believes Defendants have improperly retained and, to Defendants' knowledge, they possess no materials TST would want returned. As to a Facebook Page TST seeks to take from Defendants, TST voluntarily relinquished any claim. *See* Dkt. No. 43 at 4-8. Despite this dispositive fact, two and a half years after starting this litigation, TST moved for a preliminary injunction seeking to seize that Facebook Page. TST did not even bother to file a reply in support of its preliminary injunction motion, implicitly admitting its lack of merit and showing it was brought to harass and drive up costs for Defendants.

TST's meritless preliminary injunction motion isn't the only evidence that the purpose of this litigation is to harass Defendants. TST's own lawyer has admitted as much, publicly writing that he hopes Defendants' counsel "squeezes every last penny from you living corpses," *i.e.*, Defendants. Dkt. No. 44, ¶ 18 & Ex. 6. TST's counsel has also admitted that TST filed the (wholly dismissed) federal claims to "maximize TST's damages" and "provide the option to collect attorney's fees." *Id.* ¶ 19 & Ex. 7. More recently TST's attorney publicly acknowledged that the purpose of this litigation is to harass defendants, tweeting, "Are these fuckwits still talking about me? Grow up and file an answer so I can get at your financial records. I'm coming for you. Tell the judge on me again, I double dare you." *Id.* ¶ 20 & Ex. 8.

Given TST's own blatant, public statements of an improper purpose, it is impossible to conclude other than that TST is inappropriately using this litigation to harass Defendants until they are bled dry through legal fees. TST has used and currently is using similar tactics against other perceived enemies. Accordingly, unless TST elects to drop this meritless appeal, Defendants have little hope that mediation will do anything other than waste their resources.

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

**Form 7**     1     Rev. 12/01/2018

*Briefly describe the result below and the main issues on appeal.*

> With one exception, Defendants agree with TST's description of the result below in the first two paragraphs of TST's response to this section of the mediation questionnaire in Case No. 23-35060. That exception is that TST failed to mention that on April 15, 2022, the district court granted in part and denying in part Defendants' Motion to Dismiss Second Amended Complaint for failure to state a claim upon which relief can be granted.
>
> Defendants believe the district court properly granted their two motions to dismiss for failure to state a claim upon which relief can be granted, properly denied TST's motion for reconsideration, and properly dismissed TST's surviving state law claims for lack of subject matter jurisdiction. On Defendants' cross appeal, Defendants contend that the district court erred in not dismissing TST's tortious interference with business expectancy claim and trespass to chattels and conversion claims for failure to state a claim upon which relief can be granted. See Order Granting in Part and Denying in Part Defendants' Motion to Dismiss Second Amended Complaint (Dkt. No. 31).

*Describe any proceedings remaining below or any related proceedings in other tribunals.*

> None.
>
> In TST's mediation questionnaire in case No. 23-35060, TST indicated that it intended to re-assert state law claims that survived Defendants' motions to dismiss for failure to state a claim in Washington state court. Defendants believe that would constitute improper claim splitting, and intend to oppose any such action by TST.

**Signature** /s/ Jeremy E. Roller   **Date** 2/15/2023

(use "s/[typed name]" *to sign electronically-filed documents*)

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

**Form 7**  *2*  Rev. 12/01/2018