# 23-35060

IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

United Federation of Churches, LLC (dba "The Satanic Temple"),
*Plaintiff-Appellant,*

v.

David Alan Johnson, Leah Fishbaugh, Mickey Meehan, and Nathan Sullivan,
*Defendants-Appellees.*

On appeal from the United States District Court
for the Western District of Washington,
No. 2:20-cv-00509
Hon. Richard A. Jones, Senior U.S. District Judge, presiding

### RESPONSE TO MOTION TO TRANSFER EXHIBIT



**Matt Kezhaya**     **matt@crown.law**
Ark. # 2014161       **direct: (479) 431-6112**
Minn. # 0402193      **general: (612) 276-2216**

**150 S. Fifth St., Suite 1850, Minneapolis, MN 55402**

**COMES NOW** Plaintiff-Appellant TST, by and through counsel of record, with a response in opposition to Defendants-Appellees' motion to transmit physical exhibit.

This appeal asks pure legal questions as to (1) the meaning of the Anticybersquatting Consumer Protection Act of 1999; and (2) whether the First Amendment allows plaintiffs to recover for defamation liability on equal grounds without regard to whether they are a religious organization. The necessary facts are supplied by the complaint. As to the cyberpiracy claim, the URL contains TST's registered mark after the ".com." As to the defamation claim, the statements were mixed opinions implying false assertions of fact about a religion's tenets, affiliations, and activities.

Evidentiary submissions are for trials. To conclude that evidence is useful in ascertaining the case is to concede the need of trial proceedings, *i.e.*, a need to reverse and remand. Therefore, the Court should deny the motion for three reasons.

*First*, the rule asks whether the exhibit is "necessary to resolution of an issue on appeal." See 9th Cir. R. 27-14. But the sole basis for

the motion is a conclusory assertion that the physical exhibit contains "contents of which are relevant and useful to the Court in deciding this appeal." Dkt. 18, at 2. The motion's conclusory assertion fails to even fit the text of the rule and proffers no details as to why the Court should grant the motion.

*Second*, the District Court neither considered nor encountered the proffered exhibit in the context of the appealed-from orders. The subject dismissal order was entered on February 26, 2021 as Doc. 20. The denial of reconsideration was entered on April 15, 2022 as Doc. 31 (ER 10-42). But the proffered exhibit was not filed until eight months after the denial of reconsideration, on December 12, 2022 as Doc. 47 (SER 103-105).

*Third*, the exhibit is not necessary or even relevant to the appeal. This appeal attacks a Rule 12(b)(6) dismissal. A Rule 12(b)(6) motion does not entail evidentiary submissions. *Puri v. Khalsa*, 844 F.3d 1152, 1157 (9th Cir. 2017). That is because fact questions only arise if the complaint states a claim. The proffered exhibit can only either support the complaint, which would be duplicative of the

canon that the complaint's allegations are deemed true, or negates the complaint which runs against the canon that the complaint's allegation are deemed true. Either way, the exhibit is irrelevant to the appeal.

**WHEREFORE** the Court should deny the motion to transfer a physical exhibit.



**Matt Kezhaya**  
Ark. # 2014161  
Minn. # 0402193

matt@crown.law  
direct: (479) 431-6112  
general: (612) 276-2216

1850 S. Fifth St., Suite 1850, Minneapolis, MN 55402

## CERTIFICATE OF SERVICE

**NOTICE IS GIVEN** that I, Matt Kezhaya, efiled the foregoing document by uploading it to the Court's CM/ECF system on July 6, 2023, which sends service to registered users, including all other counsel of record in this cause. *s/ Matt Kezhaya*