**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 30 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED FEDERATION OF CHURCHES LLC, DBA The Satanic Temple,<br><br>　　　　Plaintiff-Appellant,<br><br>　v.<br><br>DAVID ALAN JOHNSON, AKA ADJ; et al.,<br><br>　　　　Defendants-Appellees. | No.　23-35060<br><br>D.C. No. 2:20-cv-00509-RAJ<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Western District of Washington
Richard A. Jones, District Judge, Presiding

Argued and Submitted November 15, 2023
UW Law School SE

Before: McKEOWN and GOULD, Circuit Judges, and BENNETT,** District Judge.

Plaintiff-Appellant United Federation of Churches LLC (dba "The Satanic Temple") ("TST") is a self-purported non-theistic religious organization.

---

　　* 　This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

　　** 　The Honorable Richard D. Bennett, United States District Judge for the District of Maryland, sitting by designation.

Defendants-Appellees David Johnson, Leah Fishbaugh, Mickey Meehan, and Nathan Sullivan are former members of the advisory council for The Satanic Temple's Washington Chapter. After their removal from the council, the Defendants-Appellees allegedly made false public statements on the Chapter's social media pages about The Satanic Temple, including allegedly falsely ascribing extremist ideologies and affiliations to The Satanic Temple. The Satanic Temple filed suit, alleging claims for, as relevant here, defamation and cyberpiracy under the Anti-Cybersquatting Consumer Protection Act ("ACPA"), 15 U.S.C. § 1125(d). The District Court dismissed both claims for failure to state a claim upon which relief could be granted, and it denied The Satanic Temple's motion for reconsideration.

The Satanic Temple timely appeals the dismissal and denial of reconsideration for its claims. We have jurisdiction under 28 U.S.C. § 1291 and review de novo a district court's dismissal for failure to state a claim upon which relief may be granted. *Puri v. Khalsa*, 844 F.3d 1152, 1157 (9th Cir. 2017). We affirm the dismissal of the ACPA claim and vacate and remand the dismissal of the defamation claim.

1. The ACPA establishes liability for cyberpiracy where the defendant, acting in bad faith, used a domain name that is identical or confusingly similar to a protected mark owned by the plaintiff. 15 U.S.C. § 1125(d)(1)(A). A domain name is "any alphanumeric designation which is registered with or assigned by any domain

name registrar, domain name registry, or other domain name registration authority as part of an electronic address on the Internet." *Id.* § 1127. In this case, however, the alleged infringement regards a post-domain path, not a domain name within the meaning of Section 1127. *See Interactive Prod. Corp. v. a2z Mobile Off. Sols., Inc.*, 326 F.3d 687, 691 (6th Cir. 2003). Moreover, contrary to The Satanic Temple's novel argument, domain registration is not the same as registration for a social media website. Lastly, even if The Satanic Temple's Facebook page constitutes a domain name under the Act, liability only attaches if the defendant "is the domain name registrant or that registrant's authorized licensee." 15 U.S.C. § 1125(d)(1)(D). The defendants in this case were not the domain name registrants as required under the Act.

     2. The District Court dismissed the defamation claim under the ecclesiastical abstention doctrine, but it is unclear based on the Complaint whether that doctrine applies. *See Huntsman v. Corp. of the President of the Church of Jesus Christ of Latter-Day Saints*, 76 F.4th 962, 968 (9th Cir. 2023). The defamation claim merely states that "[b]y falsely ascribing extremist ideologies and affiliations to TST, Defendants published and republished false and defamatory statements about TST and TST's employees." Because this claim potentially invokes "religious controversies that incidentally affect civil rights," *Puri*, 844 F.3d at 1162, TST must specify which statements are alleged to be false and defamatory. We assume there

3

will be an amended complaint to this effect. Only then may the District Court determine whether there are religious issues that warrant invoking the ecclesiastical abstention doctrine.

3. Although the District Court found that The Satanic Temple is a citizen of Massachusetts and Defendants-Appellees are citizens of Washington, the record is insufficiently developed regarding whether the value of the injunctive relief and punitive damages sought in the defamation claim satisfies the amount in controversy requirement for diversity jurisdiction under 28 U.S.C. § 1332. This inquiry into the jurisdictional amount must be conducted before the defamation claim may be dismissed for lack of subject matter jurisdiction.

**AFFIRMED IN PART; VACATED AND REMANDED IN PART.**